USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
BAOJI ZHANG and GUO DONG YAO,

                              Plaintiffs,

                        -against-

NEW BEIJING WOK, INC. d/b/a Beijing Wok,
SHANGHAI INC. d/b/a Shanghai Chinese Restaurant,
CHAI WAI CHENG a/k/a Chai-Wai Cheng, and MEI
KAM SIU,

                              Defendants.
------------------------------------------------------------------ X

17-CV-9465 (VEC)

ORDER

**VALERIE CAPRONI, District Judge:**

WHEREAS the Court held a jury trial in this case from December 2, 2019, through December 4, 2019;

WHEREAS on December 2, 2019, Plaintiffs withdrew their claims for breach of implied contract, Count XI of the Complaint [Dkt. 1];

WHEREAS on December 3 and 4, 2019, after the parties had been fully heard on all issues to be tried, the Court found, for the reasons stated on the record, that a reasonable jury would not have a legally sufficient evidentiary basis to find for Defendants on the issues of:

- whether Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs at a rate equal to or in excess of the minimum wage;

- whether Defendants violated the New York Labor Law ("NYLL") by failing to pay Plaintiffs at a rate equal to or in excess of the minimum wage;

- whether Defendants violated the FLSA by failing to pay Plaintiffs overtime for hours worked in excess of forty each week;

- whether Defendants violated the NYLL by failing to pay Plaintiffs overtime for hours worked in excess of forty each week;

- whether Defendants violated the NYLL by failing to pay Plaintiffs one additional hour of pay at the basic minimum hourly rate each day when their spreads of hours exceeded ten;

- whether Defendants violated the NYLL by failing to provide Plaintiffs with wage notices at the times they were hired; and

- whether Defendants violated the NYLL by failing to provide Plaintiffs with pay stubs with each payment of wages;

WHEREAS Defendants conceded those issues in Plaintiffs favor and did not object to the Court entering a directed verdict on those issues;

WHEREAS Plaintiffs did not object to the Court calculating damages for the wage-and-hour law violations based on the records Defendant New Beijing Wok, Inc. maintained; and

WHEREAS on December 4, 2019, the Jury returned a verdict on the remaining issues of: whether Defendant Shanghai Inc. employed the Plaintiffs, and, if so, for how long; and whether the Defendants violated the wage-and-hour laws in good faith;

IT IS HEREBY ORDERED that judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) is entered in Plaintiffs' favor against Defendants New Beijing Wok, Inc. and Chai Wai Cheng (collectively, "Beijing Wok") on Counts I through V and Counts VIII and IX of the Complaint and against Defendants Shanghai Inc. and Mei Kam Siu (collectively, "Shanghai Chinese") on those same Counts only as to the weeks that the Jury found Shanghai Chinese jointly employed Plaintiffs with Beijing Wok.

IT IS FURTHER ORDERED that the parties must submit a proposed final judgment of damages, either as a joint stipulation or as a proposal from Plaintiffs including objections, if any, from Defendants, no later than **December 13, 2019**.

IT IS FURTHER ORDERED that Plaintiffs must submit a request, or joint stipulation with Defendants, for attorneys' fees and costs no later than **January 3, 2020**.

**SO ORDERED.**

**Date: December 5, 2019**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**