USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/3/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
BAOJI ZHANG and GUO DONG YAO,

                              Plaintiffs,

              -against-

NEW BEIJING WOK, INC. d/b/a Beijing Wok,
SHANGHAI INC. d/b/a Shanghai Chinese Restaurant,
CHAI WAI CHENG a/k/a Chai-Wai Cheng, and MEI
KAM SIU,

                              Defendants.
------------------------------------------------------------------ X

17-CV-9465 (VEC)

ORDER

VALERIE CAPRONI, District Judge:

WHEREAS the Court presided over a jury trial in this case from December 2, 2019, through December 4, 2019;

WHEREAS the Court entered judgment as a matter of law in Plaintiffs' favor against Defendants New Beijing Wok, Inc. and Chai Wai Cheng (collectively, and with respect to liability, jointly and severally, "Beijing Wok") and Shanghai Inc. and Mei Kam Siu (collectively, and with respect to liability, jointly and severally, "Shanghai Chinese");

WHEREAS the Court submitted to the Jury the questions whether Shanghai Chinese employed Plaintiffs and whether Defendants violated the wage-and-hour laws in good faith;

WHEREAS the Jury found that Shanghai Chinese employed Plaintiffs Baoji Zhang and Guo Dong Yao on May 24, 2015, and December 22, 2013, respectively, and that Defendants did not violate the wage-and-hour laws in good faith, *see* Dkt. 70;

WHEREAS the Parties have presented mutually-agreeable, reasonable proposals as to damages, *see* Dkt. 79, but have not delineated the prejudgment interest liabilities between Beijing Wok and Shanghai Chinese;

WHEREAS N.Y. CPLR §§ 5004, 5001(b) provide that interest "shall be at the rate of nine per centum per annum" and "computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date";

WHEREAS courts applying N.Y. CPLR § 5001 have "wide discretion in determining a reasonable date from which to award pre-judgment interest," *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994);

WHEREAS prejudgment interest "is calculated on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law," *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48–49 (E.D.N.Y. 2015) (quotation omitted);

WHEREAS prejudgment interest "is also not available for violations of the wage statement or wage notice provisions," *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018) (quotation omitted);

WHEREAS the Court finds that, for Baoji Zhang and Guo Dong Yao, October 10, 2014, is a reasonable intermediate date from which to calculate interest on the judgment against Beijing Wok until the verdict on December 4, 2019;

WHEREAS the Court finds that, for Baoji Zhang and Guo Dong Yao, respectively, May 24, 2015, and December 22, 2013, are the dates damages were incurred from which to calculate interest on the judgment against Shanghai Chinese until the verdict on December 4, 2019;

WHEREAS Plaintiffs' counsel submitted an application for attorneys' fees and costs on January 3, 2020, *see* Dkt. 80, and Defendants have opposed that application, *see* Dkt. 84;

WHEREAS the Court finds that Beijing Wok's and Shanghai Chinese's liabilities for attorneys' fees should be apportioned according to their relative liabilities for wage-and-hour law violations, *see Koster v. Perales*, 903 F.2d 131, 139 (2d Cir. 1990), but not for attorneys' costs;

WHEREAS the Court finds that Plaintiffs may recover attorneys' fees for their unsuccessful motion for conditional certification and that a reduction of 4.55 hours for time entries related to Yao Chor Yueng, New Beijing Wok #1 Inc., #1 Beijing Wok Inc., and Ching Sau Siu is unwarranted, *see* Defs.' Mem. of Law in Opp. (Dkt. 84) at 5 and Pls.' Reply (Dkt. 86) at 6;

WHEREAS the Court finds that the following attorney rates are reasonable: $400/hour for Mr. Troy; $225/hour for Mr. Byun and Mr. Schweitzer; and $100/hour for Ms. Huang and Ms. Kilaru, *see, e.g.*, Judgment at 2, *Shen v. Number One Fresco Tortillas, Inc.*, No. 16-CV-2015 (S.D.N.Y. Feb. 19, 2019), Dkt. 91; and

WHEREAS the Court finds that 11.23 hours spent drafting and revising a predominantly boilerplate Complaint is unreasonable and therefore reduces those entries to 7 hours, but otherwise finds that the billing records and costs, although containing some minor vagaries, reflect a reasonable amount of time spent on a case proceeding through mediation, discovery, summary judgment, and trial;

IT IS HEREBY OREDERED that:

1. Baoji Zhang is entitled to a judgment against Beijing Wok in the amount of $158,794.02, of which Shanghai Chinese is jointly and severally liable for $3,342.16.

2. Baoji Zhang is entitled to prejudgment interest against Beijing Wok in the amount of $41,595.55, of which Shanghai Chinese is jointly and severally liable for $296.93.

3. Guo Dong Yao is entitled to a judgment against Beijing Wok in the amount of $127,409.40, of which Shanghai Chinese is jointly and severally liable for $2,485.66.

4. Guo Dong Yao is entitled to prejudgment interest against Beijing Wok in the amount of $32,821.94, of which Shanghai Chinese is jointly and severally liable for $129.27.

5. Plaintiffs are entitled to an award of attorneys' fees of $71,176.75, of which Shanghai Chinese is jointly and severally liable for $1,234.37.

6. Plaintiffs are entitled to attorneys' costs of $4,703.64 from Beijing Wok and Shanghai Chinese, jointly and severally.

7. The Clerk of the Court is directed to enter judgment as set forth above and to terminate the case.

**SO ORDERED.**

**Date: March 3, 2020**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**