**MEMO ENDORSED**

**TROY LAW, PLLC**
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

November 8, 2023

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/13/2023
```

<u>Via ECF</u>
Hon. Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:     **Plaintiffs' Response to Ching Sau Siu's Letter for Pre-Motion Conference**
             *Zhang v. New Beijing Wok, Inc.*, No. 17-cv-~~07465~~ 9465 (VEC), (S.D.N.Y.)

Your Honor,

      We represent the Plaintiffs in the above referenced matter. We write respectfully, and pursuant to the Court's Order, to object to third party Ching Sau Siu's proposed course of action opening a safe deposit box for examination. *See* Dkt. Nos. 100 and 101.

      In the first place, Plaintiffs did not "serve a restraining notice on a safe deposit box," Plaintiffs served an information subpoena and restraining notice on East West Bank. *See* Ex. 1. Among the questions in the information subpoena were three asking East West Bank whether New Beijing Wok, Inc. or Chai Wai Cheng had an interest in a safe deposit box; to the extent such a box existed, the designation of the lessees thereof; and the name and address of each owner and authorized signatory. *See id.*, at *13 ¶¶ 1, 3, 4.

      Kelly Wu, on behalf of East West Bank, served a response dated September 13, 2023 to the information subpoena identifying a safety deposit box with the last three digits 691, identifying "Chai Wai Cheng and a joint signer," and identifying Chai Wai Cheng as the only owner. *See* Ex. 2. The response noted that a freeze had been placed on the box, but the response was not sworn to before a notary. *See id.* We received the response on September 23, 2023.

      Ms Siu has produced no evidence to show that she is an owner of the box, or that she was the joint signatory mentioned by Ms Wu. Nor has she produced any evidence to show that she had been married to Defendant Cheng, that she had been divorced from Defendant Cheng, or what property, if any, in the box or otherwise, she received in the divorce from Defendant Cheng.

      Under these circumstances, Plaintiffs object to opening the box and examination of its contents by Plaintiffs and Ms Siu. Plaintiff would be highly prejudiced in an inventory of the contents of the box without a complete inventory of what property, if any, Ms Siu received in her alleged divorce from Defendant Cheng. Further, the task of opening the box should be done by a Sheriff or Marshal pursuant to writ of execution. *See* Ex. 3. Finally, in order to avoid prejudice to Plaintiffs and Defendant Cheng, who would both be harmed to the extent that Ms Siu over-identifies any of the property in the box as "solely her property," Plaintiffs' and Defendant Cheng's representatives should be present along with Ms Siu's for any inventory.

Hon. Valerie E. Caproni, U.S.D.J.
November 8, 2023
*Zhang v. New Beijing Wok, Inc.*, No. 17-cv-07465 (VEC), (S.D.N.Y.)
Page 2 of 2

    We thank the Court for its attention to and consideration of this matter.

                                            Respectfully submitted,
                                            TROY LAW, PLLC

                                            */s/ John Troy*
                                            John Troy
                                            *Attorney for Plaintiffs*

cc:  via ECF
     all counsel of record
     /asb

---

As this appears to be a state-law issue, not later than **Thursday, November 16, 2023,** the parties must each submit a letter brief explaining why this Court has jurisdiction over the dispute related to the contents of the safe deposit box.

SO ORDERED.

*[signature]*    11/13/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE