USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
BAOJI ZHANG and GUO DONG YAO,         :
                                       :
                        Plaintiffs,    :
                                       :     17-CV-9465 (VEC)
             -against-                 :
                                       :     ORDER
NEW BEIJING WOK, INC. d/b/a Beijing Wok, :
SHANGHAI INC. d/b/a Shanghai Chinese Restaurant, :
CHAI WAI CHENG a/k/a Chai-Wai Cheng, and MEI :
KAM SIU,                               :
                                       :
                        Defendants.    :
------------------------------------------------------------------ :
                                       X

VALERIE CAPRONI, District Judge:

WHEREAS on December 4, 20217, Plaintiffs Baoji Zhang and Guo Dong Yao brought this lawsuit against, *inter alia*, Defendants Chai Wai Cheng ("Mr. Cheng") and Ching Sau Siu ("Ms. Siu"), *see* Compl., Dkt. 1;

WHEREAS on August 5, 2019, the Court granted summary judgment for Ms. Siu, *see* Order, Dkt. 61;

WHEREAS on April 2, 2020, Judgement was entered against Mr. Cheng, *see* Amend. Judgment, Dkt. 95.

WHEREAS on November 3, 2023, Ms. Siu filed a letter motion requesting a conference to discuss recovery of property stored in a safety deposit jointly held by Ms. Siu and Mr. Cheng upon which Plaintiffs served a restraining notice to aid in collection of the judgment against Mr. Cheng, *see* Letter, Dkt. 100;

WHEREAS in the letter, Ms. Siu indicated that her passport was in the box and she needed it for upcoming travel, *see id.*;

WHEREAS on November 8, 2023, Plaintiffs objected to opening the box, examining its contents, and returning the passport to Ms. Siu, *see* Letter, Dkt. 102;

WHEREAS on November 13, 2023, upon consideration of the parties' letters, the Court ordered the parties to show cause why the Court has jurisdiction over the dispute related to the contents of the safe deposit box, *see* Order, Dkt. 103;

WHEREAS on November 16, the parties responded to the Court's order, with Ms. Siu arguing the Court has jurisdiction and Plaintiffs arguing the opposite, *see* Letters, Dkt. 104-05;

WHEREAS "a federal court always has ancillary jurisdiction over subsequent proceedings to enforce its own judgments," *see Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. 15-CV-7505, 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016); and

WHEREAS courts exercise this jurisdiction to evaluate motions to quash in post-judgment enforcement proceedings, *see e.g.*, *Major League Baseball Properties, Inc. v. Corporacion de Television y Microonda Rafa, S.A.*, No. 1:19-CV-8669-MKV-GWG, 2023 WL 2625794, at *7 (S.D.N.Y. Mar. 24, 2023) (denying motion to squash restraining notice served on bank).

IT IS HEREBY ORDERED that the Court has ancillary jurisdiction over the dispute related to the restraining notice on and contents of the safe deposit box.

IT IS FURTHER ORDERED that the parties must appear for a status conference on **Friday, December 8, 2023, at 10:00 A.M.** The Conference will be held in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007.

**SO ORDERED.**

**Date: December 4, 2023**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**